LeRoy Elisha WILLIAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 25801.

United States Court of Appeals
Fifth Circuit.

Dec. 12, 1968.

Certiorari Denied April 21, 1969.
See 89 S.Ct. 1482.

Hubert W. Williams, Orlando, Fla., for appellant.

Kendall W. Wherry, Asst. U. S. Atty., Tampa, Fla., Edward F. Boardman, U. S. Atty., Orlando, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, AINSWORTH, Circuit Judge, and FULTON, District Judge.

PER CURIAM: ·

Appellant was indicted and convicted of unlawful and fraudulent transportation in interstate commerce of two falsely made or forged checks in violation of Section 2314 of Title 18, U.S.C.

Reversal is sought on the ground that the trial court committed error in failing to exclude from evidence facsimile reproductions of the checks in question. It is urged the reception of the reproductions violated the Best Evidence Rule. We affirm.

The reproductions were offered and received pursuant to the Federal Business Records Act, Section 1732(b) of Title 28, U.S.C.[1] One of the reproductions was a photograph of a microfilm record of a bank in Orlando. The other

1. If any business, institution, member of a profession or calling, or any department or agency of government in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be recorded, copied, or reproduced by any photographic, photostatic, microfilm, microcard, miniature photographic, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless its preservation is required by law. Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not and an enlargement or facsimile of such reproduction is likewise admissible in evidence if the original reproduction is in existence and available for inspection under direction of court. The introduction of a reproduced record, enlargement, or facsimile does not preclude admission

was reproduced from a microfilm record of a Chicago bank. It was shown that each microfilm was made and kept in the regular course of the business of the bank in question and that it was the regular course of that bank's business to make and keep such a record. The reproductions were satisfactorily identified by bank officials and employees, as required by the Business Records Act. The act itself provides that when satisfactorily identified:

> Such reproduction * * * is as admitted itself in any judicial or administrative proceeding whether the original is in existence or not * * *.

■ Thus, when satisfactorily identified the microfilm and reproduction therefrom become equally as competent as the original check. See Myrick v. United States, 332 F.2d 279 (5 Cir., 1963) and Stegemann v. Miami Beach Boat Slips, 213 F.2d 561 (5 Cir. 1954).

This appellant has been well represented in this Court by court-appointed counsel, to whom this Court is grateful.

Affirmed.

of the original. This subsection shall not be construed to exclude from evidence any document or copy thereof

which is otherwise admissible under the rules of evidence.