UNITED STATES of America,
Plaintiff-Appellee,

v.

Flora Marcheta SAPUTSKI, Defendant-
Appellant.

No. 73-2558.

United States Court of Appeals,
Ninth Circuit.

April 22, 1974.

Richard P. Wallace, Coeur d'Alene, Idaho, for defendant-appellant.

Sidney E. Smith, U. S. Atty., Wilbur T. Nelson, Asst. U. S. Atty., Boise, Idaho, for plaintiff-appellee.

Before MERRILL and GOODWIN, Circuit Judges, and WOLLENBERG,* District Judge.

## OPINION

MERRILL, Circuit Judge:

Appellant was convicted of thirteen counts of violating 18 U.S.C. § 656, embezzlement by a bank employee. The embezzlement occurred over a period of five months, from July to November, 1972, while appellant was employed as a teller by the Hayden Lake branch of the Bank of Idaho. The thirteen transactions involved checks received by appellant from customers and duly credited by her to the proper accounts or loans and processed accordingly. The checks were then processed by her a second time as "cash paid out" items, for which she presumably pocketed the cash. The bank became aware of irregularities when shortages in its cash letters to correspondent banks were reported. It hired an auditor to examine the problem, and the evidence against appellant was discovered. Appellant does not question the sufficiency of the evidence to sustain the conviction. She disputes only the admissibility of certain documentary evidence.

1. As to some counts the Government offered photographic prints of microfilm records of transactions. These were admitted into evidence after the court had satisfied itself by inquiry that the original microfilm records were themselves available for inspection by appellant, and had required foundation in the form of testimony by the operations manager of the Hayden Lake branch to the effect that all transactions handled by the bank are microfilmed in the regular course of business.

Appellant contends that the foundation for admission of the photographic prints was insufficient in that the operations manager was unable personally to identify some of the prints as made under his supervision—those which had been made at a larger branch of the bank at Boise. It is further contended that foundation was insufficient in that no one testified that the prints were accurate reproductions of the original microfilms, nor that the prints (as distinguished from the microfilms) were made in the regular course of business.

██ The prints were admitted into evidence under 28 U.S.C. § 1732, the Business Records as Evidence Act, relevant portions of which are set forth in the margin.[1] The last sentence there

---

* Honorable Albert C. Wollenberg, United States District Judge for the Northern District of California, sitting by designation.

1. "(a) In any court of the United States * * * any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in regular course of any business, and if it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.

\*\ \ \ \ \ \*\ \ \ \ \*\ \ \ \ \*\ \ \ \ \*

(b) If any business [or] institution, * * * in the regular course of business or activity has kept or recorded any memorandum, writing, entry, print, representation or combination thereof, of any act, transaction, occurrence, or event, and in the regular course of business has caused any or all of the same to be recorded, copied, or reproduced by any photographic, photostatic, microfilm, micro-card, minature photographic, or other process which accurately reproduces or forms a durable medium for so reproducing the original, the original may be destroyed in the regular course of business unless its preservation is required by law. Such reproduction, when satisfactorily identified, is as admissible in evidence as the original itself in any judicial or administrative proceeding whether the original is in existence or not and an enlargement or fac-

quoted states clearly that once it has been established that the "original reproduction" (here the microfilm) was made in the regular course of business and is thus admissible as a business record, "an enlargement or facsimile of such reproduction" (here the prints) "is likewise admissible if the original reproduction is in existence and available for inspection under direction of court." It is not necessary to establish that the *prints* ("enlargement or facsimile") were made in the regular course of business, or that they accurately portray that which they purport to represent. Under the Act the prints speak for themselves; the burden is upon appellant (by availing herself of the right to inspect the original) to ascertain the accuracy of the tendered copy. Williams v. United States, 404 F.2d 1372 (5th Cir. 1968), cert. denied 394 U.S. 992, 89 S.Ct. 1482, 22 L.Ed.2d 768 (1969).

█ 2. As to some counts the Government offered, and the court admitted, rolled tapes identified as "proof tapes." The foundation for admission of the exhibits consisted of testimony regarding the manner of processing items through the bank's proof machine, the recording of entries on the proof tapes, and the retention of the proof tapes in the bank and the reliance upon them as records, all in the regular course of business.

As to these exhibits, appellant objected on the ground that the witness had admitted that he did not have personal knowledge as to the dating of the tapes —by whom and by what method dates were placed upon them.

We hold that the tapes were properly admitted. Once they were identified as bona fide business records made and kept in the regular course of business, nothing further was necessary for admissibility under the Act. United States v. Anderson, 447 F.2d 833, 838–839 (8th Cir. 1971), cert. denied 405 U. S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (1972).

█ 3. As to some counts the Government offered the original of the teller's pay proof for the day, bearing the teller's stamp (appellant's was No. 4) and signature (appellant signed "Marcheta"). Appellant contends that the identification of her signature by a layman (the operations manager) was not competent evidence.

We find no merit in this contention. The witness testified to personal acquaintance with appellant's signature. *See generally* 3 Wigmore, Evidence §§ 693–94 (Chadbourn rev. 1970). Further, the documents were business records; authentication of the signature was not a prerequisite to their admissibility.

Judgment of conviction on all counts is affirmed.

In order to correct a conceded error in sentencing upon count 10, the sentence upon that count is vacated and upon that count alone the case is remanded for re-sentencing.

*simile of such reproduction is likewise admissible in evidence if the original reproduc-* tion is in existence and available for inspection under direction of court."